ALFREDO CASTRO MESA and GLADYS PONCE, ETC., Plaintiffs and Appellees, *v*. SUPERMERCADO DE DESCUENTOS, Defendant and Appellant.

No. R-69-107.    Decided April 27, 1971.

*Rieckehoff, Calderón, Vargas & Arroyo* for appellant. *Marcos, Bernier & Rivera Mercado* for appellees. *Guillemard, Miranda Cárdenas & Gallardo, Blas R. Ferraiuoli Martínez,* and *Ángel R. de Corral* for Bargain Town of P.R., Inc.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

We must determine whether a lessor, co-owner of metal pushcarts used by the public in a shopping center and who bound itself to inspect them and to maintain them in good working condition, as well as its lessee, is liable for the damages sustained by a girl and her parents when the girl fell from a defective pushcart while the girl accompanied her father in a shopping visit to the lessee's supermarket.

The facts of the case, according to the trial court, were the following:

1.—The codefendant, Bargain Town of Puerto Rico, Inc. (hereinafter called Bargain Town), owner of an ample com-

mercial building in Bayamón, leased part of the same to appellant for the establishment and operation of a supermarket by the latter. The pertinent contract has two clauses by virtue of which appellant bound itself to (a) indemnify the lessor and save it harmless from liability of any loss, cost, obligation, damage or expense caused by the acts or omission of the lessee or of any of its employees or guests (this clause is called the hold harmless clause); and (b) to maintain in effect at its own expense an insurance of public liability under which the lessor, and those through which it claims, are designated as insured, which shall adequately protect and indemnify them those reasonable sums which the lessor, from time to time, shall specify, but never less than the sum of $200,000 for the injury or death of a person in an accident and not less than $25,000 for damages to the property and which shall cover the liability and expenses which issue from any claims for damages or undue death as a result of any act or omission of lessee.

2.—The evidence shows that the pushcarts used by the clients who visit the aforementioned shopping center to carry their groceries are owned, on equal parts, by appellant and Bargain Town, but the latter assumed the obligation to inspect them and keep them well repaired and to collect from appellant 50% of the cost of said inspection and maintenance. Appellant's director testified that when a defect is discovered in any of the pushcarts "the pushcart is taken to a pier property of Bargain Town where they are supposed to repair the pushcart." David Pantojas Rosado, Assistant of the Manager of Bargain Town, testified that Cruz, Head of the Maintenance Department of said enterprise was the one responsible for inspecting and sending the pushcarts to the maintenance shop of Bargain Town. The trial court concluded, however, that although Bargain Town assumed the responsibility of repairing the pushcarts used for the groceries, the evidence does not show that it assumed the responsibility of inspecting

them in the business premises to make sure they were in good condition.

3.—On March 26, 1966, at about noon, Alfredo Castro Mesa visited the commercial premises property of Bargain Town for the purpose of making some purchases. That day he was accompanied by his small daughters, Gladys, who was by that time 6 or 7 years old, and Marissa, approximately 3 years old. Upon entering the building he took one of the above-described pushcarts from the sidewalk outside the establishment, and after visiting the department of automobile parts, he entered the section occupied by appellant, Supermercado de Descuentos, for the purpose of buying groceries.

The little girl, Marissa, was sitting in the pushcart together with the articles bought. At a given moment and for the purpose of acquiring some carbonated drinks, her father left the pushcart alone and the latter turned over and Marissa as well as the groceries fell to the floor. The pushcart turned over, no abrupt movement from the girl intervened and nobody made it lose its balance.

The pushcart was a four-wheeled pushcart and at the time of the accident it was verified that one of the front wheels was missing.

4.—As a result of the fall, the girl suffered a blow on the right side of the head, a superficial laceration of one-fourth of an inch on the right cheek and a blow on the right side of her back. Momentarily she lost consciousness and was taken to the hospital. Upon arrival to said institution the girl was pale and nervous. She had already regained consciousness. For some days the girl was nervous and complaining of headaches. The blows did not cause injuries of a permanent character and at the present time the girl has completely recovered.

The girl's father, Alfredo Castro Mesa, was horrified when he saw the girl was unconscious. At the date of the trial he still was upset when he remembered the details of the

accident. The girl's mother was also nervous and worried by the blows received by her daughter.

Appellees incurred medical and medicine expenses amounting to the sum of $84.25.

The parents of the injured girl sued appellant and Bargain Town by themselves and on her behalf, for the damages sustained, in the manner set forth, by the girl, and by her parents, plus the medical expenses. Appellant filed third-party complaint against Bargain Town, alleging that the accident was due to the latter's fault for the pushcarts were under its custody and control. Bargain Town alleged in its answer that the accident was due to appellant's exclusive negligence. In its answer to the complaint, appellant denied the facts of the claim and alleged that the accident was due to appellees' negligence.

Bargain Town did not bring any action against appellant under the hold harmless clause and the insurance clause previously mentioned but instead filed before us a memorandum in support of the judgment rendered in this case by the trial court and rebutting appellant's assignments in regard to the latter's liability and the effect of the aforementioned hold harmless clause.

The trial court, in the light of the facts set forth, dismissed the third-party complaint and concluded that the accident was due to appellant's fault, or of Bargain Town or of both, by permitting the defective condition of the pushcart in question; that appellant bound itself to save Bargain Town harmless from liability in accidents as the one under our attention, and by virtue thereof, it is bound to "indemnify Bargain Town for any amount it pays" to appellees. It estimated the damages of the girl in $2,000, her father's in $1,500, and her mother's in $500 plus $84.25 for medical expenses, costs, and $200 for attorney's fees. However, it limited its judgment to ordering appellant and Bargain Town

to pay the above-mentioned sums and specified costs to appellees.

Feeling aggrieved, appellant filed this petition for review. Since Bargain Town did not do it, appellees proceeded to execute the judgment against the former and to those effects they attached the amount of $4,604.25 from the same, which was deposited with the marshal of the trial court. On May 27, 1970, the trial court, at appellees' request, ordered said marshal to issue a check for said amount in favor of appellees and their counsel in execution of the aforesaid judgment.

In support of the petition appellant assigns that the amounts for damages are excessive; that the negligence of the girl's father contributed to the occurrence of the accident where she was injured; that appellant did not perform any act or incur any omission which would cause or contribute to the occurrence of the accident; that the trial court having concluded that the lack of a wheel on the pushcart was the proximate cause of the accident, Bargain Town was the one liable for the same for it assumed the obligation to inspect and maintain them in good working condition; and that the hold harmless clause in the lease contract does not free Bargain Town from liability for the damages caused by its own negligence consisting in failing to maintain the pushcart in question in good working condition.

■ 1.—In view of the fact that all the evidence adduced in this case in regard to the damages sustained by appellees has not been sent up to this Court, we assume that the findings of the trial court concerning this question are supported by the evidence.

2.—We do not believe that the trial court erred in failing to conclude that the girl's father was negligent, and that his negligence contributed to the occurrence of the accident. The only thing sent up to this Court, at appellant's request, was the transcript of the testimonies of some executives of appel-

lant and Bargain Town. There was evidence of the defect in the pushcart. The Manager of appellant's supermarket testified that through his investigation of the accident "I found out why the pushcart had turned over . . . that the front wheel of the pushcart was missing." No evidence whatsoever has been brought to our attention to the effect that the girl's father used the pushcart and sat the girl therein knowing that that wheel was missing. There was no evidence either to show that the wheel was missing since the girl's father chose it from among the pushcarts placed in front of the supermarket for the use of the clients.

■ 3.—Notwithstanding the fact revealed by the evidence sent up to this Court to the effect that Bargain Town had agreed with appellant that it was going to inspect, clean, repair, and maintain the pushcarts and to put them back at the disposal of the public, appellant was co-owner of the same and it paid to Bargain Town half of the cost of their inspection and maintenance. However, the aforementioned agreement concerning the inspection and maintenance of the pushcarts does not have the effect of relieving appellant from its obligation towards its clients of maintaining the facilities offered to the latter in connection with their shopping visits to appellant's business, in this case the pushcarts, in such working condition that they could be used, without the risk of injuries to the users as a result of defects in the working condition of the same. The offering of the pushcarts to the public for their use in carrying the groceries bought in appellant's business constitutes, at law, a representation of the latter to its clientele that these facilities were in good working condition. So that the trial court did not err in holding appellant and Bargain Town liable for the damages caused by the defect in the pushcart.

■ The third-party complaint filed by appellant against Bargain Town was properly dismissed since it did not lie under Rule No. 12 of the Rules of Civil Procedure, for the

purpose of bringing the third-party defendant, in this case, Bargain Town, to answer to appellees. *Marcano Torres* v. *Water Resources Authority*, 91 P.R.R. 635 (1965); *Torres* v. *M.B.A.*, 91 P.R.R. 693 (1965).

█ 4.—The trial court in its conclusions of law states that appellant "is bound to indemnify Bargain Town for any amount it pays to plaintiffs." This conclusion was based on the aforementioned hold harmless clause to the contents of which reference is made in paragraph No. 12 of the findings of fact of the trial court. But the trial court did not include any pronouncement whatsoever in its judgment concerning this question. The reason is that Bargain Town never claimed anything against appellant, through cross-complaint or any other appeal, to effectuate the right it may have, if it had any, to indemnity under the aforementioned hold harmless clause.

Therefore, there is no controversy in this case between appellant and Bargain Town under the repeatedly mentioned hold harmless clause, which requires us to determine the scope and effectiveness of said clause and whether or not, by virtue thereof, it is proper for appellant to refund or indemnify Bargain Town for the amount of the judgment rendered in this case which was executed through the latter's property and from which it did not appeal for which reason it is final and unappealable.

In view of the foregoing, the judgment rendered in this case by the Superior Court, San Juan Part, on March 20, 1969, against appellant, will be affirmed.

Mr. Justice Dávila did not participate herein.